UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

DANETTE OLSON
205 Taylor Street
Kaukauna, Wisconsin 54130

      Plaintiff,               Case No: 25-cv-249

     v.                     **JURY TRIAL DEMANDED**

WAREHOUSE SPECIALISTS, LLC
1600 North Mayflower Drive
Appleton, Wisconsin 54913

      Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Danette Olson, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, Warehouse Specialists, LLC, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

4. Plaintiff, Danette Olson, is an adult female resident of the State of Wisconsin residing in Outagamie County with an address of 205 Taylor Street, Kaukauna, Wisconsin 54130.

5. Defendant, Warehouse Specialists, LLC, is an entity doing business in the State of Wisconsin with a principal office address of 1600 North Mayflower Drive, Appleton, Wisconsin 54913.

6. Defendant provides warehouse services in the State of Wisconsin.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

11. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

12. During Plaintiff's employment with Defendant, Defendant was a covered employer for purposes of the FMLA.

13. At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at Defendant for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

14. At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

15. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

16. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

17. During Plaintiff's employment with Defendant, Defendant had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff and Defendant's other employees.

18. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance and established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

19. During Plaintiff's employment with Defendant, Defendant controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

22. On or about November 27, 2022, Defendant hired Plaintiff into the position of Lift Truck Operator, reporting directly to Janea Haff, Supervisor.

23. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

24. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

25. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

26. During Plaintiff's employment with Defendant, Defendant knew or had knowledge that Plaintiff worked in excess of forty (40) hours per workweek.

27. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a weekly basis via check.

28. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

29. At times during Plaintiff's employment with Defendant, Defendant compensated Plaintiff with monetary bonuses, incentives, awards, lump sum payments, and/or other rewards and payments based on her hours worked and/or work performed during her employment with Defendant.

30. During Plaintiff's employment with Defendant, Defendant failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, lump

sum payments, and/or other rewards and payments, in Plaintiff's regular rate of pay for overtime purposes, in violation of the FLSA and WWPCL.

31. During Plaintiff's employment with Defendant, Defendant did not properly and lawfully compensate Plaintiff for all hours actually worked and/or work performed each workday and each workweek, in violation of the FLSA and WWPCL.

32. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

33. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

34. Defendant owes Plaintiff earned and unpaid wages for work performed during her employment with Defendant and for which she was not properly and lawfully compensated, in addition to liquidated damages and attorneys' fees and costs.

35. On or about October 15, 2024, Plaintiff requested to use and/or to apply for FMLA leave from work at Defendant for her own serious health condition.

36. As of at least October 15, 2024, Defendant was aware that Plaintiff had requested to use and/or to apply for FMLA leave from work at Defendant for her own serious health condition.

37. During Plaintiff's employment with Defendant, Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave for her own serious health condition and/or informing Defendant of her request(s) for FMLA leave for her own serious health condition.

38. During Plaintiff's employment with Defendant, Plaintiff's own serious health condition required at least two (2) appointments and continuing treatment visits with, and supervision by, her health care provider(s) and/or treating physicians.

39. On or about October 21, 2024, Defendant suspended Plaintiff without pay, preventing her from utilizing anticipated and prospective FMLA leave.

40. On or about October 31, 2024, Defendant terminated Plaintiff's employment.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

41. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

42. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 et seq.

43. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

44. At all times material herein, Plaintiff was an employee of Defendant as provided under the FLSA, 29 U.S.C. § 201 et seq.

45. Defendant violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiff's regular rate of pay for overtime calculation purposes.

46. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

47.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

48.     Defendant's failure to properly compensate Plaintiff and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

49.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

50.     Plaintiff is e entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

51.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – FMLA INTERFERENCE

52. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

53. Defendant intentionally interfered with Plaintiff's rights by suspending her without pay and by terminating her employment in order to prevent, and/or which prevented, her from using anticipated and/or prospective FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

54. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered damages in the form of lost wages, other employment benefits and insurance, and compensatory damages.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

55. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

56. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

57. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

58. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

59. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities each workday and each workweek without receiving compensation for these activities.

60.     During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with overtime pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiff's regular rate of pay for overtime calculation purposes.

61.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

62.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing minimum wages, unpaid wages and/or back pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 20th day of February, 2025

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi*** _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com