UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DANETTE OLSON,

        Plaintiff,

                                          Case No. 25-CV-249

        v.

WAREHOUSE SPECIALISTS, LLC,

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Warehouse Specialists, LLC ("Defendant" or "Warehouse Specialists"), through its counsel, Godfrey & Kahn, S.C., submits the following answer and affirmative defenses to the Complaint filed by the Plaintiff, Danette Olson ("Plaintiff"). Defendant denies each and every allegation or statement contained in Plaintiff's Complaint unless specifically admitted herein.

## JURISDICTION AND VENUE

1.       This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

**Answer**: The allegations of Paragraph 1 set forth conclusions of law, which Defendant is not required to admit or deny.

2.       This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §

32668958.5

1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**Answer**: The allegations of Paragraph 2 set forth conclusions of law, which Defendant is not required to admit or deny.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

**Answer**: Defendant admits that it regularly does business in this district and alleges that the remaining allegations in Paragraph 3 set forth conclusions of law, which Defendant is not required to admit or deny.

## PARTIES AND COVERAGE

4. Plaintiff, Danette Olson, is an adult female resident of the State of Wisconsin residing in Outagamie County with an address of 205 Taylor Street, Kaukauna, Wisconsin 54130.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore, denies the same.

5. Defendant, Warehouse Specialists, LLC, is an entity doing business in the State of Wisconsin with a principal office address of 1600 North Mayflower Drive, Appleton, Wisconsin 54913.

**Answer**: Defendant admits.

6. Defendant provides warehouse services in the State of Wisconsin.

**Answer**: Defendant admits.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the

32668958.5

FLSA.

**Answer**: Defendant admits that it engaged in commerce. The remaining allegations in Paragraph 7 set forth legal conclusions, which Defendant is not required to admit or deny.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

**Answer**: Defendant admits.

9. During the relevant time periods as stated herein, Defendant annual dollar volume of sales or business exceeded $500,000.

**Answer**: Defendant admits.

10. During the relevant time periods as stated herein, Defendant was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

**Answer**: Defendant admits that it employed Plaintiff. The remaining allegations of Paragraph 10 set forth conclusions of law, which Defendant is not required to admit or deny.

11. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

**Answer**: Defendant admits.

12. During Plaintiff's employment with Defendant, Defendant was a covered employer for purposes of the FMLA.

**Answer**: Defendant admits.

13. At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at Defendant for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

**Answer**: Defendant denies that Plaintiff had or made any "FMLA leave requests."

32668958.5

Defendant admits that, at the time Plaintiff asked about FMLA paperwork, Plaintiff was employed at Defendant for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

14. At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

**Answer**: Defendant denies that Plaintiff had or made any "FMLA leave requests." Defendant admits that, at the time Plaintiff asked about FMLA paperwork, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

15. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

**Answer**: The allegations of Paragraph 15 set forth legal conclusions, which Defendant is not required to admit or deny.

16. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

**Answer**: Defendant admits that it supervised Plaintiff. The phrase "day to day activities" is vague and undefined and, as a result, Defendant lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 and, therefore, denies the same.

17. During Plaintiff's employment with Defendant, Defendant had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff and Defendant's other employees.

**Answer**: Defendant admits that it had the ability and authority to hire, terminate, promote, demote, and/or suspend Plaintiff during her employment with Defendant. Defendant admits that it hired, terminated, and suspended Plaintiff during her employment with Defendant but denies that

32668958.5

it ever demoted Plaintiff. Paragraph 17's reference to "Defendant's other employees" is vague and undefined and, as a result, Defendant lacks information sufficient to form a belief about the truth of the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.     During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance and established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

**Answer**: Defendant denies that Plaintiff abided by all of Defendant's work rules, policies, and procedures. Defendant admits the remaining allegations.

19.     During Plaintiff's employment with Defendant, Defendant controlled the terms and conditions of Plaintiff's employment.

**Answer**: Defendant admits.

20.     During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

**Answer**: Defendant admits.

21.     Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the same.

### GENERAL ALLEGATIONS

22.     On or about November 27, 2022, Defendant hired Plaintiff into the position of Lift Truck Operator, reporting directly to Janea Haff, Supervisor.

**Answer**: Defendant admits that on or about November 7, 2022, Defendant hired Plaintiff

32668958.5

into the position of Lift Truck Operator, reporting directly to Janea Haff, Supervisor. Defendant denies the remaining allegations in Paragraph 22.

23.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**Answer**: Defendant admits.

24.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**Answer**: Defendant admits.

25.     During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

**Answer**: Defendant admits that Plaintiff, at times, worked in excess of 40 hours per week. Defendant denies the remaining allegations of Paragraph 25.

26.     During Plaintiffs employment with Defendant, Defendant knew or had knowledge that Plaintiff worked in excess of forty (40) hours per workweek.

**Answer**: Defendant admits that it was aware when Plaintiff worked over 40 hours per week. Defendant denies the remaining allegations of Paragraph 26.

27.     During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a weekly basis via check.

**Answer**: Defendant admits.

28.     During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

**Answer**: Defendant admits.

29.     At times during Plaintiff's employment with Defendant, Defendant compensated

Plaintiff with monetary bonuses, incentives, awards, lump sum payments, and/or other rewards and payments based on her hours worked and/or work performed during her employment with Defendant.

**Answer**: Defendant admits that is paid Plaintiff a sign-on bonus. Defendant denies the remaining allegations of Paragraph 29.

30.    During Plaintiff's employment with Defendant, Defendant failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, lump sum payments, and/or other rewards and payments, in Plaintiff's regular rate of pay for overtime purposes, in violation of the FLSA and WWPCL.

**Answer**: Defendant admits that it did not include Ms. Olson's sign-on bonus in her regular rate; however, Defendant denies it was obligated to do so and denies the remaining allegations of Paragraph 30.

31.    During Plaintiff's employment with Defendant, Defendant did not properly and lawfully compensate Plaintiff for all hours actually worked and/or work performed each workday and each workweek, in violation of the FLSA and WWPCL.

**Answer**: Defendant denies.

32.    Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

**Answer**: The allegations in Paragraph 32 set forth legal conclusions, which Defendant is not required to admit or deny.

33.    Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been

32668958.5

aware.

**Answer**: The allegations in Paragraph 33 set forth legal conclusions, which Defendant is not required to admit or deny.

34. Defendant owes Plaintiff earned and unpaid wages for work performed during her employment with Defendant and for which she was not properly and lawfully compensated, in addition to liquidated damages and attorneys' fees and costs.

**Answer**: Defendant denies.

35. On or about October 15, 2024, Plaintiff requested to use and/or to apply for FMLA leave from work at Defendant for her own serious health condition.

**Answer**: Defendant admits that on or about October 16, 2024, Plaintiff asked about FMLA paperwork. Defendant denies the remaining allegations of Paragraph 35.

36. As of at least October 15, 2024, Defendant was aware that Plaintiff had requested to use and/or to apply for FMLA leave from work at Defendant for her own serious health condition.

**Answer**: Defendant denies.

37. During Plaintiff's employment with Defendant, Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave for her own serious health condition and/or informing Defendant of her request(s) for FMLA leave for her own serious health condition.

**Answer**: Defendant denies.

38. During Plaintiff's employment with Defendant, Plaintiff's own serious health condition required at least two (2) appointments and continuing treatment visits with, and supervision by, her health care provider(s) and/or treating physicians.

32668958.5

**Answer**: Defendant lacks knowledge or information sufficient to form a belief as to the truth as to the truth of allegations in Paragraph 38, and, therefore, denies the same.

39.    On or about October 21, 2024, Defendant suspended Plaintiff without pay, preventing her from utilizing anticipated and prospective FMLA leave.

**Answer**: Defendant admits that on or about October 21, 2024, Defendant suspended Plaintiff without pay. Defendant denies the remaining allegations in Paragraph 39.

40.    On or about October 31, 2024, Defendant terminated Plaintiff's employment.

**Answer**: Defendant admits.

### FIRST CAUSE OF ACTION-FLSA VIOLATIONS (OVERTIME PAY)

41.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**Answer**: Defendant incorporates by reference its responses to Paragraphs 1 through 40 of the Complaint.

42.    At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 et seq.

**Answer**: Defendant admits that it was an employer of Plaintiff. The remaining allegations of Paragraph 42 set forth legal conclusions, which Defendant is not required to admit or deny.

43.    At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

**Answer**: The allegations of Paragraph 43 set forth legal conclusions, which Defendant is not required to admit or deny.

44.    At all times material herein, Plaintiff was an employee of Defendant as provided under the FLSA, 29 U.S.C. § 201 et seq.

32668958.5

**Answer**: Defendant admits that Plaintiff was an employee of Defendant. The remaining allegations of Paragraph 44 set forth legal conclusions, which Defendant is not required to admit or deny.

45.     Defendant violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiff's regular rate of pay for overtime calculation purposes.

**Answer**: Defendant denies.

46.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1 ).

**Answer**: The allegations of Paragraph 46 set forth legal conclusions, which Defendant is not required to admit or deny.

47.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**Answer**: The allegations of Paragraph 47 set forth legal conclusions, which Defendant is not required to admit or deny.

48.     Defendant's failure to properly compensate Plaintiff and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and

32668958.5

as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

**Answer**: Defendant denies.

49.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**Answer**: Defendant denies.

50.     Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**Answer**: Defendant denies.

51.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**Answer**: The allegations in Paragraph 51 set forth legal conclusions, which Defendant is not required to admit or deny.

### SECOND CAUSE OF ACTION - FMLA INTERFERENCE

52.     Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

32668958.5

**Answer**: Defendant incorporates by reference its responses to Paragraphs 1 through 51 of the Complaint.

53. Defendant intentionally interfered with Plaintiff's rights by suspending her without pay and by terminating her employment in order to prevent, and/or which prevented, her from using anticipated and/or prospective FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

**Answer**: Defendant denies.

54. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered damages in the form of lost wages, other employment benefits and insurance, and compensatory damages.

**Answer**: Defendant denies.

**THIRD CAUSE OF ACTION - WWPCL VIOLATIONS (OVERTIME PAY)**

55. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**Answer**: Defendant incorporates by reference its responses to Paragraphs 1 through 54 of the Complaint.

56. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.0 l(lr), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

**Answer**: Defendant admits that Plaintiff was an employee of Defendant. The remaining allegations of Paragraph 58 set forth legal conclusions, which Defendant is not required to admit or deny.

57. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis.

32668958.5

Admin. Code § DWD 272.01(5).

**Answer**: Defendant admits that it was an employer of Plaintiff. The remaining allegations of Paragraph 57 set forth legal conclusions, which Defendant is not required to admit or deny.

58. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

**Answer**: Defendant admits that it employed Plaintiff. The remaining allegations of Paragraph 58 set forth legal conclusions, which Defendant is not required to admit or deny.

59. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities each workday and each workweek without receiving compensation for these activities.

**Answer**: Defendant denies.

60. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with overtime pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiffs regular rate of pay for overtime calculation purposes.

**Answer**: Defendant denies.

61. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**Answer**: Defendant denies.

32668958.5

62.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**Answer**: Defendant admits that Plaintiff seeks recovery of attorneys' fees and costs but denies that Plaintiff is entitled to such recovery.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel, laches, and/or unclean hands.

2.     Plaintiff did not comply with the notice requirements of the FMLA.

3.     Plaintiff fails to state a claim for violations of the FLSA and WWPCL upon which relief can be granted.

4.     Defendant terminated Plaintiff for legitimate, non-discriminatory reasons; specifically, her repeated unsafe operation of her lift truck.

5.     Defendant has at all times acted in good faith and had reasonable grounds for believing its actions complied with the FLSA and state law.

6.     To the extent any of Defendant's alleged actions or omissions were unlawful, which Defendant expressly denies, no such actions or omissions constitute a willful violation.

7.     Plaintiff's claims are barred, in whole or in part, because the amounts for which she is claiming entitlement to as additional overtime pay fall within the *de minimis* exception to liability.

8.     Plaintiff is not entitled to liquidated damages as Defendant did not act in a manner sufficient to give rise to liquidated damages.

9.     Plaintiff has failed to mitigate her damages, if any.

32668958.5

10. Defendant reserves the right to assert additional defenses as established by the facts of the case.

WHEREFORE, Defendant respectfully requests the following relief:

A. The dismissal of the Plaintiff's Complaint, with prejudice;

B. An Order awarding Defendant its reasonable attorneys' fees, costs, and disbursements in this action, to the extent allowed by law; and

C. Such other and further relief as the Court deems just and proper.

Dated this 21st day of April, 2025.

GODFREY & KAHN, S.C.

By: s/ John A. Haase
    John A. Haase
    State Bar No. 1027536
    Elizabeth A. Lensmire
    State Bar No. 1131439

*Attorneys for Defendant Warehouse Specialists, LLC*

MAILING ADDRESS:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
jhaase@gklaw.com
elensmire@gklaw.com

32668958.5